BRADFORD *et al. v.* CREEKMORE *et al.**

(In Banc.  March, 22, 1926.)

[107 So. 524.  No. 25369.]

INJUNCTION.  *Where drainage district was started but not organized,
and preliminary expenses were incurred, on failure of sheriff to
answer or defend suit to enjoin him from collecting acreage tax,
refusal to permit certificate holders to litigate issues involved, in
his name, on giving bond to indemnify, him against liability was
error (Laws Miss. 1912, chapter 197; Const. U. S. Amend. 14;
Const. Miss. section 112).*

Where a drainage district was started under chapter 197, Laws of
1912, but never organized, and preliminary expenses incurred,
and an acreage tax levied against the lands embraced in the pro-
posed drainage district, and a bill was filed against the sheriff to
enjoin the collection of such taxes, and the sheriff fails to answer
or defend said suit, it was error to refuse to permit certificate
holders to litigate the issues involved in the name of the sheriff,
on giving bond to indemnify the sheriff against liabilities, in the
said suit.

---

*Corpus Juris-Cyc. References: Injunctions, 32 C. J., p. 304, n. 31 New.

APPEAL from chancery court of Calhoun county.
HON. N. R. SLEDGE, Chancellor.

Suit by Dr. R. A. Creekmore and others against the
sheriff and others, holders of certificates of indebted-
ness, for an injunction against the sheriff alone.  A pre-
liminary injunction was issued against the sheriff alone,
and the bill on motion of complainants was dismissed as
against the other defendants without prejudice.  From
a final decree making the injunction perpetual, based on
a decree *pro confesso* against the sheriff, N. W. Brad-
ford and others appeal.  Reversed and remanded.

*McLean & McLean* and *N. W. Bradford,* for appel-
lants.

The bill made Hawkins, the tax collector, a party and
*also made all the owners of the certificates of indebted-*

*ness parties,* setting up various and sundry reasons why the ''whole proceedings were void,'' said bill prayed that all the defendants answer the bill; and prayed for an injunction against all the defendants to the bill.

When the court convened and the defendants were ready to proceed with their motion to dissolve the injunction, the complainants in the original bill made a motion to be allowed to dismiss *without prejudice* their bill as to all of the defendants except Hawkins, the tax collector. This motion was objected to by the defendants as to dismissing the bill without prejudice; they were willing, of course, that the complainants be allowed to dismiss their bill, but contended that since certain rights had accrued to defendants, the court should not dismiss the bill without prejudice.

The court, however, allowed the complainants in the original bill to dismiss the same without prejudice, refused to allow defendants anything at all, even the damages which they sustained upon the suing out of the injunction, and even dismissed the cross-bill of the defendants. In addition to this, the court gave the complainants a decree *pro confesso* as against Hawkins, the tax collector, and then entered a decree *making the injunction perpetual* as against the tax collector.

Counsel for the complainants in the court below took the position that the holders of the certificate of indebtedness were not necessary parties, that they had no interest in this litigation, had no right to answer the bill, but that the only party who had a right to answer the bill and litigate the questions presented was the tax collector and that since he had failed to answer the bill, a decree *pro confesso* should be entered against him and that he be perpetually enjoined from selling the lands. Strange to say the chancellor sustained this position. We have here a decree entered against an unnecessary party as binding upon the real parties with whom the complainants declined to litigate.

We had supposed until the court made its rulings that nothing is better settled in all equity pleadings and pro-

ceedings than that the parties who hold the real interests were absolutely necessary parties to all proceedings affecting their interests, and that a decree rendered in a suit in which they were not parties was a nullity.

According to the great weight of authority in America and in England, the officer holding the writ of authority is not even a proper party. 32 C. J., p. 298, sec. 499; *Hoover* v. *Young,* L. R. A. 1915F 1120 and notes, 68 So. 769, 3 L. R. A. (N. S.) 257 and notes.

Under the general rule all persons whose interests will necessarily be affected by the decree or without whose presence a complete settlement of the questions involved in the action could not be attained, are of course, properly joined as defendants, so also persons without whose joinder no effectual decree can be rendered in plaintiffs favor, are indispensable parties; since the court ought not to interfere at all except in a mode which would be effectual for the purpose of the decree. 20 R. C. L., pp. 667-8; 14 R. C. L., p. 327, sec. 28; *Shields* v. *Barrow,* 17 How. 130; and also 254 U. S. 65. L. Ed. 148; *Lemon et al.* v. *Dun et al.,* 61 Miss. 210.

Our contention is this: The tax collector is clearly not a necessary party, but the bondholders or holders of the indebtedness were indispensable parties.

*W. J. Evans* and *A. M. Carothers,* for appellees.

This appeal deals simply with the matter of the restraint of the collection of the drainage tax levied under chapter 197, Laws of 1912, for the purpose of paying for preliminary expenses when the district was never organized.

The lands of the appellees in this case had been advertised for sale by S. T. Hawkins, sheriff and tax collector, for the collection of a tax of one dollar and thirteen cents per acre which had been levied thereon by the board of supervisors. In such a case who was the proper party, the indispensable party, to restrain by injunction from the sale of said lands? The sheriff and

tax collector, of course; the man who was advertising the lands for sale and the man who, but for the restraining process and orders of the court, would proceed to sell same. Does any peculiar sanctity attach to the appellants in this case which does not attach to those interested in or concerned with the levying of, or the fruits of the collection of, any other taxes? Can it be said that in every suit to restrain the collection of taxes all those who might be affected by said tax, or who might be beneficiaries of the money to be derived from said tax, must be before the court in an injunction proceeding? To ask the question is to answer it. If this be true, the whole body politic would have to be hailed into court every time the collection of a tax was sought to be restrained.

The man who stood charged with the responsibility for the collection of this tax was the sheriff and tax collector, S. T. Hawkins, and every defense to the bill of injunction could have been interposed by the sheriff and tax collector. We call the court's attention to the fact that Hawkins, the sheriff and tax collector, was not only the necessary and, in fact, the indispensable party defendant to this suit, but he also had a very real interest in the outcome of the litigation, as the sale of these lands and the collection of these taxes meant quite a good deal to him in a financial way.

It was a vain and useless thing to litigate with the certificate-holders when the matter could be settled and the relief prayed for, obtained, in the issue drawn between the landholders on one side and the sheriff and tax collector on the other; and the relief as prayed and obtained in the instant proceedings was a restraint on the sheriff and tax collector from selling the land of the complaining parties.

The best authorities sustain our views that the proper and necessary party defendant is the officer charged with the duty of making sale of the land or with the execution of process. *Anderson* v. *State et al.,* 23 Miss. 472; *North* v. *Peters,* 138 U. S. 271.

Counsel for appellants cite only a portion of 32 C.
J., p. 298, section 479, but we refer the court to the whole
section.   In the cases cited in the footnotes in support
of this text, after citing *North* v. *Peters,* 138 U. S. *supra,*
and other cases, it is stated: (Note 47) ''See *Brooks* v.
*Lewis,* 13 N. J. Eq. 214.  (On bills to restrain the execu-
tion of process, or the performance of official acts, the
sheriff is made a party, as the design of the injunction
is to restrain him from acting; but where no relief is
prayed, and no decree asked against the officer, it is not
necessary, nor usually expedient, for the sheriff to
answer.)'' (50) *Robertson* v. *Tabscott,* 81 Va. 533, 549.
(''It is very difficult to perceive how the very object of
the bill—the prevention of the sale of the property—
could have been certainly attained without making, in
such a case as this, the commissioner of sale a party.'')

These authorities and the ones cited by appellants
deal principally with judgment execution and process
in the hands of sheriffs, and we think that they do not
apply to the case at bar.  As to restraining tax sales,
the true rule is announced in High on Injunctions (4
Ed.), sec. 576.  See also 37 Cyc., Taxation, pp. 1273-74;
*Jones* v. *Sligh,* 75 Ga. 7; *Cardwell Land Co.* v. *Smith,*
146 N. C. 199, 59 S. E. 653.

The court will see from these authorities that the
officer who is charged with making the tax sale is the
necessary and indispensable party to the suit brought
to restrain the tax sale and that other persons who are
either directly or indirectly interested in the proceeds
of the tax or for whose special benefit the tax was lev-
ied are only held to be proper parties and, therefore,
are not necessary and indispensable parties by any
means.  We know of no decision by our own court that
is directly in point.  However, it has been the custom and
practice in the state to make only the tax collector the
defendant in suits of this particular kind.  See *Russell*
v. *Mabry,* 99 So. 2; *Hartsfield* v. *Carter,* 99 So. 265; 20
R. C. L. p. 668; *Lucas* v. *Darien Bank,* 2 Stew. (Ala.)
911; 15 Enc. Pl. & Pr., p. 606.

Therefore, in order for this court to reverse the decree of the court below, we submit that this court must find that there was abuse by the chancellor of his discretion in allowing the bill to be dismissed without prejudice, as to the certificate-holders—even though the court should be of the opinion that the certificate-holders were proper parties to the injunction proceedings, and we seriously contend that they were not.

Since these certificates of indebtedness are negotiable in character and transferable, it would be almost impossible to know in a case of this kind who held the various certificates of indebtedness.

We are also at a loss to understand how the appellants can appeal from the decree against the sheriff and tax collector in this case. By what authority can appellants prosecute an appeal from the decree against the sheriff and tax collector? What standing have they in this court insofar as the prosecution of the appeal in behalf of the sheriff and tax collector is concerned? The most that appellants could prosecute their appeal from the decree of the chancery court on, would be the dismissal of the bill without prejudice as to them and the dismissal of their cross-bills. If they be correct in their contentions, then the utmost limit to which this court could go, we submit, would be to re-instate the cause as to the appellants and, certainly, no award of damages could be made in this court.

Counsel for appellants in their brief call attention to the fact that the appellants sought the permission of the court to file an answer for the sheriff, after the decree *pro confesso* had been granted as to the sheriff and tax collector. It is elementary that a decree *pro confesso* is set aside only on good cause shown, and that it is a matter also largely within the discretion of the chancery court.

We submit that even though the appellants might have had some right to file the sheriff's answer, they should have made an application so to do at the proper time and in the proper manner and form, and, certainly, a mo-

tion as made by the appellants in the lower court was not in the proper form, neither was it made in due time.

Appellants endeavor to ride two horses at the same time on the question as to the binding effect upon them of the ·perpetual injunction issued against the sheriff and tax collector. If, as they contend, they were necessary parties to the injunction proceedings, but were eliminated therefrom, then the injunction would leave them free to pursue whatever remedy they might have for the collection of their certificates. Were the injunction of such binding effect as to forever bar Hawkins or any other sheriff from selling these lands under the order of the board of supervisors entered November 15, 1923, and also to bind the appellants as to the collection of the tax under that order; yet, if the contentions of the appellants be sound—that they have another right (that of enforcement of a lien against the lands)—there is nothing to prevent them from seeking relief through that source. Furthermore, the appellants are not enjoined from making another effort to have a valid and legal levy *assessment* made and the sheriff and tax collector is not enjoined from selling the lands under any other order that the board of supervisors might make and enter other than the one of November 15, 1923.

Argued orally by *Wm. C. McLean,* for appellants, and *W. J. Evans,* for appellees.

ETHERIDGE, J., delivered the opinion of the court.

During the latter part of the year 1920, certain petitioners filed a petition for the creation of a drainage district, under chapter 197 of the Laws of 1912. Commissioners were appointed to make a preliminary examination of the matter, and the commissioners employed an engineer to make a survey, under the provisions of this chapter. On the hearing, a drainage district was not created, but the scheme was abandoned. Thereafter the drainage commissioners certified an expense account

under the act to the county drainage board, and thereafter the county drainage board certified the expenses to the board of supervisors, requesting that an acreage tax be levied on the lands embraced in the proposed district; and the board of supervisors levied an acreage tax of one dollar and thirteen cents per acre.

The bill in this case was filed to prevent the sheriff from selling the lands of the complainants under the said acreage tax order. The bill alleged that, when the certificate of indebtedness, incurred in the preliminary service, etc., was presented to the county board of drainage commissioners and approved by them, a *certiorari* was taken by certain of the property owners to the circuit court from the order approving such certificate of indebtedness, and the suit had never been disposed of in the circuit court, but was still pending at the time of the filing of the injunction. That allegation in the bill was denied by the answer filed by the appellants. The bill further alleged that, when the acreage tax was levied upon the lands of the persons owning the lands in the district, an appeal was taken to the circuit court, and that the judgment in the circuit court was that the judgment of the board in levying the said tax was reversed and said order annulled, so far as it affected the lands of those appealing in that cause, but no other. The answer while admitting this allegation, asserted that an appeal was taken from the judgment of the circuit court and was undisposed of. The original bill was filed against the sheriff and a part of the holders of certificates of indebtedness, and an injunction was prayed for against the sheriff alone. A preliminary injunction was issued against the sheriff alone prohibiting his making the sale under the acreage tax.

The holders of certificates of indebtedness who were made defendants to the suit filed an answer contesting the rightfulness of the issuance of the injunction, and seeking to make their answer a cross-bill, in which cross-bill they sought to recover damages for the wrongful suing out of the injunction, and for judgment a-

gainst the injunction bond for the amount of their indebtedness. The sheriff did not answer. The complainants filed a motion to be permitted to dismiss their bill as against the appellants and proceed against the sheriff alone, which motion was sustained by the court. The appellants sought then to be permitted to file an answer in the name of the sheriff, contesting the injunction, which was refused by the court, and the bill was dismissed against the appellants here without prejudice to their rights, and the court below then permitted the complainants in the injunction suit to take a decree *pro confesso* against the sheriff and a final decree thereon making the injunction perpetual, from which order the appellants have appealed, and insist under the appeal that they were necessary parties defendant to the suit, and that they should have been permitted to litigate the issues in the name of the sheriff although they may not have been necessary parties.

The appellee justifies the decree below on the theory that the judgment of the court below was correct, because the appellants were not necessary parties and their rights are not precluded; and also upon the theory that an acreage tax is unconstitutional, being in conflict with section 112 of the state Constitution, and also in conflict with the Fourteenth Amendment of the Constitution of the United States, in that the tax imposed taxes on the property of the complainants without due process of law. Appellee also contends that the appeal from the order of the board of supervisors assessing the acreage tax was an adjudication that the said tax was unlawful, and, being reversed as against some of the parties, could not be enforced against the others without a reassessment. Appellee also attacks the drainage act as being unconstitutional, in that it undertakes to confer appellate jurisdiction upon the chancery court. Without deciding whether the appellants were necessary parties in the court below, we think the court should have permitted them to litigate the issues in the name of the sheriff on

giving bond to protect the sheriff from expenses and other liabilities.

We do not undertake, in this opinion, to pass upon the constitutional questions here involved, because, in our view, these matters should be heard by parties litigant whose rights may be affected by the judgment rendered on the final disposition of the cause.

The questions presented for decision are not so clear and free from difficulty that the court would feel warranted in proceeding to the decision of them without the benefit of argument of counsel of the parties whose interest may be affected, and without the decision of the court below upon such questions. We reserve all the questions for further consideration on the final disposition, should an appeal be made therefrom, except that the complainants should have been permitted to defend the suit in the court below. The injunction will be retained until the final hearing in the court below, and the judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.

McGowen, J., took no part in the decision of this case.

*Reversed and remanded.*